# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**FILED BY**_____*AP*_____**D.C.**

**Jan 7, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 07, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  21-11061-GG
Case Style: USA v. Bernard Dixon
District Court Docket No: 1:16-cr-20784-MGC-2

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-11061

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BERNARD DAVID DIXON,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20784-MGC-2

————————————

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: December 9, 2021

For the Court: David J. Smith, Clerk of Court

[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11061

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BERNARD DAVID DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20784-MGC-2

_____

Before LUCK, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Bernard Dixon, an inmate at FCI Coleman Medium who is serving a 146-month sentence arising from his bank robbery conviction in 2017, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We find no error in the district court's order denying Defendant's motion, and thus affirm.

## BACKGROUND

Defendant was indicted in October 2016 in a two-count indictment charging him with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and bank robbery in violation of 18 U.S.C. § 2113(a). He pled guilty to both counts.

Based on the factual proffer supporting Defendant's guilty plea, Defendant and his girlfriend Joy Braxton robbed a Miami Shores TD Bank on September 26, 2016. On that day, Braxton entered the bank, approached a teller with a white plastic bag, and demanded that the teller put money in the bag, stating, "I am robbing the bank." The teller put a GPS dye-pack of money in the bag, after which Braxton left the bank with the bag of money and headed to an adjacent parking lot. The bank manager, who had been alerted to the robbery through an internal messaging system, followed Braxton out of the bank and saw her get onto the back of a motorcycle driven by Defendant.

Within minutes, a Miami Shores police officer saw the motorcycle being ridden by Braxton and Defendant.  The officer followed the motorcycle for several blocks before it wrecked in front of him when it struck the back of a police car.  Braxton was immediately detained, and the stolen bank money and GPS pack, still in her purse, were recovered.  Defendant fled from the crash, but he eventually was apprehended.  The TD Bank manager, who was brought to the scene, instantly identified Braxton as the woman who had robbed the bank, and he identified the motorcycle Braxton and Defendant had been driving as the vehicle he saw driving away from the bank after the robbery.

The PSR determined that Defendant should be sentenced as a career offender under USSG § 4B1.1(a) because bank robbery is a crime of violence, and Defendant had prior convictions for both a crime of violence (aggravated assault with a deadly weapon) and a controlled substance offense (possession with intent to sell cocaine).  With the career offender enhancement, Defendant was assigned a total offense level of 29.  The PSR described a long history of prior offenses committed by Defendant beginning in 1989, including several controlled substance offenses, theft, robbery by force, burglary, grand theft, armed robbery with a deadly weapon, battery, aggravated assault with a deadly weapon, and habitual driving with a suspended license.  Based on his status as a career offender, Defendant was assigned a criminal history category of VI, which in conjunction with his offense level of 29 yielded a recommended advisory guidelines range of 151 to 188 months.

Defendant originally objected to his classification as a career offender, but he withdrew the objection during the sentencing hearing and acknowledged that his recommended guidelines range was 151 to 188 months.  Defendant asked for a downward departure, arguing that he had not been convicted of a serious offense since 2008 and that his participation in the bank robbery was not violent, as he was merely the getaway driver.  The district court determined that Defendant's advisory guidelines range somewhat overrepresented his criminal culpability and thus applied a slight downward variance, sentencing Defendant to 146 months for the bank robbery conviction, to be served concurrently with a 60-month sentence for the conspiracy conviction.  This Court affirmed Defendant's convictions and sentence on appeal.

In 2018, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he was mentally ill, that defense counsel had promised him a shorter sentence if he pled guilty, and that counsel was ineffective for not challenging Defendant's career offender status.  The district court denied Defendant's § 2255 motion and declined to issue a certificate of appealability ("COA"). Defendant did not file a motion in this Court for a COA.

In November 2020, Defendant filed a *pro se* motion for compassionate release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if it is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines

policy statements.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]  In support of his motion, Defendant stated that he was a "chronic care inmate" with various ailments, including schizoaffective disorder, chronic depression, mood swings, an acute upper respiratory infection (bronchitis), an HIV-positive diagnosis, high blood pressure, chronic breathing problems, and respiratory insufficiencies.  As such, Defendant argued that he was particularly vulnerable to COVID-19 while in prison and should therefore be released.  Defendant attached to his motion medical records spanning from April 2015 to March 2020.

In response to Defendant's Motion, the Government described the significant measures taken by the BOP to protect the health of inmates during the COVID-19 pandemic, including social distancing, the provision of masks to inmates and staff, cancelling staff travel and training, screening of newly admitted inmates, quarantining symptomatic inmates and asymptomatic inmates with exposure risk, and restricting contractor access and social and legal visits to BOP facilities.  Given those measures, and based on Defendant's medical records and criminal history, the Government argued that: (1) Defendant failed to demonstrate extraordinary and

---

[1]  A sentence reduction is also permitted by § 3582(c) under certain circumstances if the defendant is at least 70 years old and has served at least 30 years in prison, but those conditions are not met in this case.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

compelling reasons warranting a sentence reduction, and (2) the § 3553(a) factors did not favor Defendant's release.

The district court denied Defendant's § 3582(c) motion.  The court noted that Defendant's medical records confirmed that he was HIV positive, but that the records also showed that Defendant's HIV was well-controlled with medication.  According to the court, the records also showed that Defendant did not have sustained hypertension, acute respiratory issues, or any other relevant health concerns.  Citing Defendant's extensive criminal history, the court determined in the alternative that the § 3553(a) factors did not support Defendant's release.

Defendant appeals, arguing that the district court erred by determining that his health conditions did not constitute an extraordinary and compelling reason justifying his release.  According to Defendant, the district court did not thoroughly examine his medical records in making that determination.  Defendant only briefly addresses in his appellate brief the district court's alternative ground for denying his motion for compassionate release based on its consideration of the relevant § 3553(a) factors, citing his "rehabilitative efforts" in prison that support his release under those factors.  As discussed below, we find no error in the district court's order denying Defendant's motion for compassionate release, and thus affirm.

## DISCUSSION

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c).  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  Once eligibility is established, we review the denial of a defendant's § 3582(c) motion under the abuse of discretion standard.  *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)).  The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make." *See id.* at 912 (quotation marks omitted).

As amended by the First Step Act, § 3582(c) authorizes the district court to reduce a defendant's sentence if the court finds that:  (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The applicable policy statement, found in USSG § 1B1.13, echoes the statutory requirements, stating that a district court may reduce a defendant's sentence "if, after considering the factors set forth in . . . § 3553(a)," the court determines that: (1) "[e]xtraordinary and compelling reasons warrant the reduction" and (2) "[t]he [d]efendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.
*See also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)
(listing three necessary conditions for a sentence reduction under
§ 3582(c): support in the § 3553(a) factors, extraordinary and com-
pelling reasons, and adherence to U.S.S.G. § 1B1.13's policy state-
ment).

The district court denied Defendant's § 3582(c) motion for
two reasons. First, the court found that Defendant had failed to
show extraordinary and compelling reasons for his release. In that
regard, the court noted that Defendant's medical records showed
that his HIV is well-controlled by medication and that the records
did not reveal any other health concerns that would warrant De-
fendant's release from prison. Alternatively, the court determined
that the § 3553(a) sentencing factors militated against Defendant's
release because of the serious nature of the bank robbery underly-
ing Defendant's conviction in this case and his extensive criminal
history prior to the bank robbery, which dated back to 1989 and
included convictions for robbery by force, burglary, grand theft,
armed robbery with a deadly weapon, and battery, among other
offenses. Either ground is adequate to support the district court's
decision to deny Defendant's § 3582(c) motion.

As to the first ground, Defendant argues that he has medical
conditions that provide an "extraordinary and compelling reason"
for his release, including "schizoaffective [disorder], chronic de-
pression [and] mood swings, an acute upper respiratory infection
commonly known as Bronchitis and . . . [his] HIV positive" status.

Defendant argues further that he has "high blood pressure, suffers chronic breathing problems, and [has] numerous complication[s] stemm[ing] from being HIV positive." According to Defendant, these conditions make him more susceptible to COVID-19.

We agree with the district court that Defendant did not provide adequate support for his claim that he has medical conditions that satisfy the extraordinary and compelling reason standard and thus justify his release from prison. The relevant Guidelines policy statement provides that a defendant's medical condition is an extraordinary and compelling reason for a sentence reduction if the defendant: (1) has a terminal disease, or (2) suffers from a serious physical or mental condition that "substantially diminishes" his ability "to provide self-care" in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant has made no showing of either.

Defendant's medical records show that he is HIV-positive, but that his HIV is well-controlled with anti-retroviral medication, that he has a high T-cell count, and that he has never suffered from an HIV-related illness or any other complication from HIV. It is not clear from the records that Defendant suffers from any of the other ailments he claims in support of his motion, such as significant mental health issues, breathing problems, or high blood pressure. Indeed, Defendant's prison medical records for the year prior to when he filed his § 3582(c) motion are relatively unremarkable. Those records confirm that Defendant's HIV is well-controlled by medication, and that Defendant does not suffer from any other

significant physical or mental health issues that would be considered terminal or that diminish Defendant's ability to provide self-care in prison.

In addition, Defendant fails to explain how any of his claimed conditions increase his risk of severe disease from COVID-19 or otherwise constitute an extraordinary and compelling reason for his release from prison. Given that failure, we see no error in the district court's conclusion that the COVID-19 pandemic does not require Defendant's release pursuant to § 3582(c). *See Giron*, 15 F.4th at 1346 (affirming the district court's holding that the defendant's high cholesterol, high blood pressure, and coronary artery disease were not extraordinary and compelling reasons for early release where all of those conditions were "manageable in prison, despite the existence of the COVID-19 pandemic"); *Harris*, 989 F.3d at 912 (upholding the district court's denial of compassionate release to an inmate with hypertension, despite the possible increased risk from COVID-19).

Defendant's failure to demonstrate an extraordinary and compelling reason is alone enough to "foreclose a sentence reduction" under § 3582(c). *See Giron*, 15 F.4th at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public."). But the district court also held, in the alternative, that Defendant's release was not consistent with the § 3553(a) factors because of Defendant's extensive criminal history. Defendant only

summarily challenges this alternative holding, which clearly was within the district court's discretion based on Defendant's criminal history as described in the PSR.  *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (noting that "discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history").

In short, Defendant failed to show an extraordinary and compelling reason to support his release under § 3582(c), and the district court acted within its discretion when it determined, in the alternative, that the § 3553(a) sentencing factors did not support Defendant's release from prison.  For both reasons, the district court's order denying Defendant's § 3582(c) motion is **AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 09, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-11061-GG
Case Style:  USA v. Bernard Dixon
District Court Docket No:  1:16-cr-20784-MGC-2

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG

at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion